**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| PETRA A. CAINES, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | )    Civil No. _____ |
| | ) |
| ACCENTURE FEDERAL SERVICES, LLC, | ) |
| | ) |
| *Defendant.* | ) |
| _____ | ) |

**<u>NOTICE OF REMOVAL</u>**

Defendant Accenture Federal Services, LLC ("AFS"), by and through its attorneys, Winston & Strawn LLP, and pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, hereby removes this action from Prince George's County Circuit Court, State of Maryland, where it is pending, to the United States District Court for the District of Maryland.  In support of its Notice of Removal, AFS states as follows:

1.      On or about April 20, 2018, Plaintiff filed a Complaint in the Prince George's County Circuit Court, State of Maryland, captioned *Petra A. Caines v. Accenture Federal Services*, Case No. CAL18-12723 (the "State Court Action").

2.      On April 27, 2018, Defendant, through its registered agent for service of process, received the Writ of Summons, Civil – Non-Domestic Case Information Report and the Complaint. Attached hereto as Exhibit A is a copy of all process, pleadings and orders received by Defendant in the State Court Action.

3.      In the State Court Action, Plaintiff brings race, color, and gender discrimination claims, as well as a retaliation claim, pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII").  *See* Compl. ¶¶ 21–64.  In addition to these federal claims, the Complaint

1

also contains race, color, and gender discrimination claims, as well as a retaliation claim, which the Plaintiff brings pursuant to Maryland state law. *See* Compl. ¶¶ 65–108.

4. In her Complaint, Plaintiff seeks, among other things, lost wages and other benefits, damages for "her emotional distress and mental anguish in the amount in excess of $75,000," and attorney's fees and costs. *See* Compl. "Prayer for Damages."

<u>**FEDERAL QUESTION JURISDICTION – 28 U.S.C. §§ 1331, 1441 & 1446**</u>

5. Removal of this action is proper based on federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441, because this is a civil action arising under the laws of the United States. Specifically, Plaintiff has alleged four federal causes of action against the Defendant for various violations of Title VII. *See* Compl. ¶¶ 21–64.

6. The Complaint also contains four state law claims that are identical to the four federal causes of action alleged by the Plaintiff. Thus, this Court has supplemental jurisdiction over these state law claims under 28 U.S.C. § 1367 because those claims arise out of the same operative facts as Plaintiff's claims under Title VII, and form part of the same case or controversy.

7. Because Plaintiff's claims arise under the laws of the United States, this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331, and removal of this action is therefore proper under 28 U.S.C. § 1441.

<u>**DIVERSITY JURISDICTION – 28 U.S.C. §§ 1332, 1441 & 1446**</u>

8. Removal of this action is also proper based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332(a) and 1441 because the parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. Plaintiff is, and ever since this action commenced has been, a United States citizen and a citizen of the State of Maryland for purposes of 28 U.S.C. § 1332.

10.     Defendant AFS is not, and ever since this action commenced has never been, a citizen of the State of Maryland for purposes of 28 U.S.C. § 1332.

11.     Although AFS denies all liability and does not concede that Plaintiff is entitled to any damages whatsoever, the amount in controversy in this case exceeds the jurisdictional amount of $75,000, exclusive of interest and costs, because, among other reasons, Plaintiff asserts in her complaint damages for "emotional distress and mental anguish in the amount in excess of $75,000." *See* Compl. Prayer for Relief; 28 U.S.C. § 1332(a).

12.     Because complete diversity of citizenship exists and because the amount in controversy exceeds $75,000, this Court has original jurisdiction of the action pursuant to 28 U.S.C. § 1332(a), and removal of this action is therefore proper under 28 U.S.C. § 1441.

## PROCEDURAL REQUIREMENTS

13.     Removal to this Court is proper pursuant to 28 U.S.C. § 1441(a), because the United States District Court for the District of Maryland, Southern Division, is the federal judicial district embracing the Circuit Court for Prince George's County, Maryland, where the State Court Action is pending.

14.     Defendant is entitled to remove the State Court Action at any time up to 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claims for relief on which the action is based, or within 30 days after the service of the summons. *See* 28 U.S.C. § 1446(b). The Writ of Summons and the Complaint in the State Court Action were received by Defendant's registered agent on April 27, 2018. Therefore, Defendant's Notice of Removal is timely because it is being filed with the United States District Court for the District of Maryland within 30 days after Defendant's receipt of the initial pleading.

3

15.     Attached hereto as Exhibit A is a copy of all process, pleadings and orders received by Defendant in the State Court Action.  *See* U.S.C. § 1446(a).

16.     As required by 28 U.S.C. § 1446(d), promptly after the filing of this Notice of Removal, AFS will give written notice thereof to Plaintiff's attorneys of record, and shall file a copy of this Notice of Removal with the Clerk of the Circuit Court for Prince George's County. A copy of the Notice of Removal to All Adverse Parties is attached hereto as Exhibit B, with its exhibits omitted.  A copy of the Notice of Filing of Removal to Federal Court is attached hereto as Exhibit C, with its exhibits omitted.

17.     The Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.  *See* 28 U.S.C. § 1446(a).

## CONCLUSION

18.     Based on the foregoing, this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1332, and the State Court Action may be removed to this Court under 28 U.S.C. §§ 1441 and 1446.

19.     In filing this Notice of Removal, Defendant does not waive, and specifically reserve, any and all objections as to service and personal jurisdiction, defenses, exceptions, rights and motions.

WHEREFORE, this action should proceed in the United States District Court for the District of Maryland, as an action properly removed thereto.

Dated: May 24, 2018                    Respectfully submitted,

                                       /s/ Mary M. Lenahan
                                       Mary M. Lenahan (Bar No. 18127)
                                       WINSTON & STRAWN LLP
                                       1700 K St., NW

4

Washington, D.C. 20006
Tel: (202) 282-5661
Fax: (202) 282-5100
mlenahan@winston.com

Daniel J. Fazio (*Pro hac vice application forthcoming*)
Kara E. Cooper (*Pro hac vice application forthcoming*)
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601
Tel: (312) 558-5600
Fax: (312)558-5700
dfazio@winston.com
kecooper@winston.com

*Counsel for Defendant*

5

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Notice of Removal was served

by email and first class U.S. mail, postage pre-paid, this 24th of May, 2018 on:

Paul v. Bennett, Esq.
Bennett & Ellison, P.C.
2086 Generals Highway, Suite 201
Annapolis, Maryland 21401
Tel: (410) 974-6000
pbennett@belawpc.com

*Counsel for Plaintiff*

/s/ Mary M. Lenahan
Mary M. Lenahan

6