Clerk of the
Circuit Court

| | | |
|---|---|---|
| PETRA A. CAINES | * | |
| 3814 Regency Parkway, #303 | | |
| Suitland, Maryland 20746 | * | IN THE |
| | | |
| Plaintiff, | * | CIRCUIT COURT |
| | | |
| v. | * | FOR |
| | | |
| ACCENTURE FEDERAL SERVICES | * | PRINCE GEORGE'S COUNTY, |
| 800 N. Glebe Road, Suite 300 | | |
| Arlington, Virginia 22203 | * | MARYLAND |
| | | |
| | * | |
| | | |
| Serve On: | * | |
| | | Case No.: *CAL 18- 12723* |
| Corporate Creations Network, Inc. | * | |
| 6802 Paragon Place, Suite 410 | | |
| Richmond, Virginia 23230 | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT

COMES NOW, Petra A. Caines, by and through her attorneys, Paul V. Bennett, Esq. and Bennett & Ellison, P.C. and hereby sues Accenture Federal Services and in support thereof states:

## JURISDICTION AND VENUE

1.     This court has jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. (hereinafter referred to as "Title VII").

2.     This Court further has jurisdiction pursuant to MD. CODE ANN., STATE GOV'T § 20-606 (2018) (hereinafter "Maryland Code").

3.     That all actions complained of herein took place in Prince George's County, Maryland.

4.     Defendant is a contractor to the federal government.

1

5.     That at all times relevant hereto, Defendant was employing fifteen (15) or more persons, and is an "employer" within the meaning of Title VII.

6.     In accordance with Title VII, Plaintiff timely filed a Charge of Discrimination and Retaliation with the Howard County Office of Human Rights, which was contemporaneously cross-filed with the U.S. Equal Employment Opportunity Commission.  A Notice of Right to Sue was issued by the U.S. Equal Employment Opportunity Commission as to Accenture Federal Services. Plaintiff received the Notice of Right to Sue on January 22, 2018. Therefore, Plaintiff has properly exhausted her administrative remedies before timely filing suit.

## FACTS COMMON TO ALL COUNTS

7.     Plaintiff's race is African American, color is black.

8.     Plaintiff's sex is female.

9.     Plaintiff engaged in legally protected activities when she complained to her direct supervisor of three separate incidents of workplace disrespect and harassment.

10.     Plaintiff's hire date was March 16, 2017.

11.     Plaintiff's role was Senior Business Analyst as a Federal Sub-Contract Employee of Accenture Federal Services (AFS) on the Solutions Architecture and Engineering Team for the U.S. Transportation Security Administration (TSA) Technology Infrastructure Modernization (TIM) Program.

12.     On July 6, 2017, Plaintiff notified her direct supervisor, Adam Mickleson at AFS informing him that she was being disrespected, yelled at and unprofessionally, inappropriately treated and harassed by Release Train Engineer Margaret "Mimi" Schmidt.

13.     On or about July 7, 2017, Plaintiff met with her direct supervisor, Adam Mickleson and further complained about the harassment at which time she received repeated

2

verbal and written assurances of her good standing that there would be no adverse effects to her job for raising the concerns about the harassment and discrimination.

14.     The harassment was neither resolved nor addressed.

15.     On July 7, 2017, Plaintiff was threatened with a demotion and reduction in pay.

16.     On July 31, 2017, Plaintiff was excluded from a work activity, specifically a TSA site Adjudicators site visit, which was an essential function of her job.  Other comparators; Robin Mortin-Cole (TSA Staff), Margaret "Mimi" Schmidt-(AFS Staff), Rose Hyde-Pirates Team Scrummaster (AFS Staff), Sun ipa- Pirates Team Tech Lead (AFS Staff), Jean Pierre "JP" Rock-Ninjas Team Scrummaster (AFS), Aaron Jones-Ninjas Team Tech Lead (AFS Staff),  Renee Latimore-Brown-Ninjas Team Business Analyst (AFS Contractor), Ramen (Last name unknown) -Phoenix Team Scrummaster, Raj (Last name unknown)-Phoenix Team Tech Lead,  Kyriakos "Charles" – Phoenix Business Analyst, Wagas-Vikings Team Tech Leader, all were allowed to attend.

17.     On August 3, 2017, Plaintiff was asked by Trala Downer, TSA-TIM Program Management Office to attend a meeting with Accenture's management team scheduled for August 4, 2017.

18.     During the August 4, 2017 meeting, Plaintiff informed Accenture Federal Services senior management staff of her intention to file a Federal complaint with the EEOC because of the harassment and discrimination to which she had been subjected.

19.     Directly after making these complaints, Plaintiff's work laptops were confiscated from her hands and she was terminated effective immediately.

20.     No rational explanation for the termination was given.

## COUNT I
## RACIAL DISCRIMINATION
### (Disparate Treatment)
### Title VII of the Civil Rights Act of 1964
### 42 U.S.C. §§ 2000e et seq.

21.    Plaintiff hereby restates and incorporates Paragraphs 1 through 20 of this Complaint as though fully set forth herein.

22.    That Defendant carried out the aforementioned acts of discrimination against Plaintiff on the basis of her race (African American) – a protected class under Title VII.

23.    That the aforementioned acts constitute unlawful practices pursuant to Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §§ 2000e et seq.

24.    That the effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her race (African American).

25.    That the unlawful employment practices complained of above were intentional.

26.    That the discriminatory actions, as set forth above, have caused and will continue to cause Plaintiff to suffer lost earnings and earning capacity, severe emotional distress, humiliation, and mental anguish.

27.    That the intentional discriminatory actions of Defendant, as alleged above, were done with malice and/or with reckless indifference to Plaintiff's rights.

28.    That Plaintiff was similarly situated to Adnan Bajraktarevik. Plaintiff and Mr. Bajraktarevik performed similar work and worked collaboratively.  Mr. Bajraktarevik is male and Caucasian.

29.    That Plaintiff was discriminated against in employment based on her race, when she was treated less favorably than similarly situated non-African American employees,

4

including but not limited to Adnan Bajraktarevik who was not subjected to the aforementioned acts of discrimination, including but not limited to being disrespected, being yelled at and was not treated unprofessionally and inappropriately as was Plaintiff and he was not terminated. A motivating factor for taking the aforementioned adverse job actions against Plaintiff was because of her race.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

### COUNT II
### COLOR DISCRIMINATION
#### (Disparate Treatment)
#### Title VII of the Civil Rights Act of 1964
#### 42 U.S.C. §§ 2000e et seq.

30.     Plaintiff hereby restates and incorporates Paragraphs 1 through 20 of this Complaint as though fully set forth herein.

31.     That Defendant carried out the aforementioned acts of discrimination against Plaintiff on the basis of her color (Black) – a protected class under Title VII.

32.     That the aforementioned acts constitute unlawful practices pursuant to Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §§ 2000e et seq.

33.     That the effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her color (Black).

34.     That the unlawful employment practices complained of above were intentional.

35.     That the discriminatory actions, as set forth above, have caused and will continue to cause Plaintiff to suffer lost earnings and earning capacity, severe emotional distress, humiliation, and mental anguish.

5

36.     That the intentional discriminatory actions of Defendant, as alleged above, were done with malice and/or with reckless indifference to Plaintiff's rights.

37.     That Plaintiff was similarly situated to Renee Latimore-Brown (lighter skinned, African American, female) who was also a Business Analyst for the Defendant.

38.     That Plaintiff was discriminated against in employment based on her color, when she was treated less favorably than similarly situated lighter skinned African American employees, including but not limited to Renee Latimore-Brown who was not subjected to the aforementioned acts of discrimination, including but not limited to being disrespected, being yelled at and was not treated unprofessionally and inappropriately as was Plaintiff and she was not terminated. A motivating factor for taking the aforementioned adverse job actions against Plaintiff was because of her color.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

## COUNT III
## GENDER DISCRIMINATION
### (Disparate Treatment)
### Title VII of the Civil Rights Act of 1964, as amended
### 42 U.S.C. §§ 2000e et seq.

39.     Plaintiff hereby restates and incorporates Paragraphs 1 through 20 of this Complaint as though fully set forth herein.

40.     That Defendant carried out the aforementioned acts of discrimination against Plaintiff on the basis of her gender (female) – a protected class under Title VII.

41.     Plaintiff was qualified for the position she formerly held and was performing her job duties at a level that met or exceeded Defendant's legitimate expectations.

42.    That the aforementioned acts, namely being terminated among other actions constitute unlawful practices pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq.

43.    That the effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her gender (female).

44.    That the unlawful employment practices complained of above were intentional.

45.    That Plaintiff was discriminated against in employment based on her gender, when she was treated less favorable than similarly situated male employees, including but not limited to Adnan Bajraktarevik (male), who was not subjected to the aforementioned acts of discrimination, including but not limited to being disrespected, being yelled at and was not treated unprofessionally and inappropriately as was Plaintiff and he was not terminated. That the discriminatory actions, as set forth above, have caused, and will continue to cause, Plaintiff to suffer lost earnings and earning capacity, severe emotional distress, humiliation, mental anguish as well as the incurrence of legal fees and court costs.

46.    That the intentional discriminatory actions of Defendant, as alleged above, were done with malice and/or with reckless indifference to Plaintiff's rights.

47.    WHEREFORE, Plaintiff prays for relief as more fully set forth below.

### COUNT IV
### RETALIATION
### (Adverse Actions and Protected Activity Deterrents)
### Title VII of the Civil Rights Act of 1964
### 42 U.S.C. §§ 2000e et seq.

48.    Plaintiff hereby restates and incorporates Paragraphs 1 through 20 of this Complaint as though fully set forth herein.

49.     During a meeting on August 4, 2017, Plaintiff informed AFS senior management staff of her intent to file a Federal complaint with the EEOC because of the harassment and discrimination to which she had been subjected.

50.     Directly after making these complaints, Plaintiff's work laptops were confiscated and she was discharged effective immediately based upon the meeting discussions.

51.     The aforementioned legally protected activities were known by management to have occurred.

52.     The subsequent termination of employment, as set forth in the above-referenced facts common to all counts, amounted to illegal retaliation.

53.     That the aforementioned acts of retaliation for complaining of harassment and discrimination, constitute unlawful employment practices pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.

54.     That the effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee based upon her race, national origin, and legally protected activities.

55.     But for her complaint of harassment and discrimination, Plaintiff would not have been fired on August 4, 2017.

56.     That the intentional retaliatory actions complained of above would tend to dissuade others from complaining of discrimination and harassment and were done with malice and/or reckless indifference to Plaintiff's rights.

57.     As a direct and proximate result of the Defendant's retaliatory actions, Plaintiff has suffered lost wages and benefits, emotional distress, attorney's fees and litigation costs.

58.     Plaintiff raised concerns about her experience of multiple incidents of harassment and discrimination towards her to her supervisors.

59.     Subsequently, Plaintiff complained to Defendant regarding the disparate treatment she experienced that was perpetrated by Release Train Engineer Margaret "Mimi" Schmidt.

60.     Defendant responded by terminating Plaintiff. Further, Plaintiff had previously met with her two direct supervisors where she had received repeated verbal and written assurances of her good standing and that there would be no adverse impacts to her job for raising concerns about her experience of workplace harassment and discrimination to them. Defendant took no serious action to address her complaints.

61.     That the aforementioned acts constitute unlawful practices pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

62.     That the effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her race. Specifically, Plaintiff was excluded from work activities and terminated from her position as her employer refused to address her complaints and allowed the continued perpetration of discrimination, and retaliation.

63.     That the unlawful employment practices complained of above were intentional.

64.     That the retaliatory actions, as set forth above, have caused and will continue to cause Plaintiff to suffer lost earnings and earning capacity, severe emotional distress, humiliation, and mental anguish.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

9

## COUNT V
## RACIAL DISCRIMINATION
### (Disparate Treatment)
### Annotated Code of Maryland
### State Government Article, § 20-606

65.    Plaintiff hereby restates and incorporates Paragraphs 1 through 20 of this Complaint as though fully set forth herein.

66.    That Defendant carried out the aforementioned acts of discrimination against Plaintiff on the basis of her race (African American) – a protected class under the Maryland Code.

67.    That the aforementioned acts constitute unlawful practices pursuant to the Maryland Code.

68.    That the effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her race (African American).

69.    That the unlawful employment practices complained of above were intentional.

70.    That the discriminatory actions, as set forth above, have caused and will continue to cause Plaintiff to suffer lost earnings and earning capacity, severe emotional distress, humiliation, and mental anguish.

71.    That the intentional discriminatory actions of Defendant, as alleged above, were done with malice and/or with reckless indifference to Plaintiff's rights.

72.    That Plaintiff was similarly situated to Adnan Bajraktarevik. Plaintiff and Mr. Bajraktarevik performed similar work and worked collaboratively.  Mr. Bajraktarevik is male and Caucasian.

73.     That Plaintiff was discriminated against in employment based on her race, when she was treated less favorably than similarly situated non-African American employees, including but not limited to Adnan Bajraktarevik who was not subjected to the aforementioned acts of discrimination, including but not limited to being disrespected, being yelled at and was not treated unprofessionally and inappropriately as was Plaintiff and he was not terminated. A motivating factor for taking the aforementioned adverse job actions against Plaintiff was because of her race.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

**COUNT VI**
**COLOR DISCRIMINATION**
**(Disparate Treatment)**
**Annotated Code of Maryland**
**State Government Article, § 20-606**

74.     Plaintiff hereby restates and incorporates Paragraphs 1 through 20 of this Complaint as though fully set forth herein.

75.     That Defendant carried out the aforementioned acts of discrimination against Plaintiff on the basis of her color (Black) – a protected class under the Maryland Code.

76.     That the aforementioned acts constitute unlawful practices pursuant to the Maryland Code.

77.     That the effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her color (Black).

78.     That the unlawful employment practices complained of above were intentional.

79.     That the discriminatory actions, as set forth above, have caused and will continue to cause Plaintiff to suffer lost earnings and earning capacity, severe emotional distress, humiliation, and mental anguish.

80.     That the intentional discriminatory actions of Defendant, as alleged above, were done with malice and/or with reckless indifference to Plaintiff's rights.

81.     That Plaintiff was similarly situated to Renee Latimore-Brown (lighter skinned, African American, female) who was also a Business Analyst for the Defendant.

82.     That Plaintiff was discriminated against in employment based on her color, when she was treated less favorably than similarly situated lighter skinned African American employees, including but not limited to Renee Latimore-Brown who was not subjected to the aforementioned acts of discrimination, including but not limited to being disrespected, being yelled at and was not treated unprofessionally and inappropriately as was Plaintiff and she was not terminated. A motivating factor for taking the aforementioned adverse job actions against Plaintiff was because of her color.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

## COUNT VII
## GENDER DISCRIMINATION
### (Disparate Treatment)
### Annotated Code of Maryland
### State Government Article, § 20-606

83.     Plaintiff hereby restates and incorporates Paragraphs 1 through 20 of this Complaint as though fully set forth herein.

84.     That Defendant carried out the aforementioned acts of discrimination against Plaintiff on the basis of her gender (female) – a protected class under the Maryland Code.

12

85.    Plaintiff was qualified for the position she formerly held and was performing her job duties at a level that met or exceeded Defendant's legitimate expectations.

86.    That the aforementioned acts, namely being terminated among other actions constitute unlawful practices pursuant to the Maryland Code.

87.    That the effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her gender (female).

88.    That the unlawful employment practices complained of above were intentional.

89.    That Plaintiff was discriminated against in employment based on her gender, when she was treated less favorable than similarly situated male employees, including but not limited to Adnan Bajraktarevik (male), who was not subjected to the aforementioned acts of discrimination, including but not limited to being disrespected, being yelled at and was not treated unprofessionally and inappropriately as was Plaintiff and he was not terminated. That the discriminatory actions, as set forth above, have caused, and will continue to cause, Plaintiff to suffer lost earnings and earning capacity, severe emotional distress, humiliation, mental anguish as well as the incurrence of  legal fees and court costs.

90.    That the intentional discriminatory actions of Defendant, as alleged above, were done with malice and/or with reckless indifference to Plaintiff's rights.

91.    WHEREFORE, Plaintiff prays for relief as more fully set forth below.

## COUNT VIII
## <u>RETALIATION</u>
### <u>(Adverse Actions and Protected Activity Deterrents)</u>
### Annotated Code of Maryland
### State Government Article, § 20-606

92.　　Plaintiff hereby restates and incorporates Paragraphs 1 through 20 of this Complaint as though fully set forth herein.

93.　　During a meeting on August 4, 2017, Plaintiff informed AFS senior management staff of her intent to file a Federal complaint with the EEOC because of the harassment and discrimination to which she had been subjected.

94.　　Directly after making these complaints, Plaintiff's work laptops were confiscated and she was discharged effective immediately based upon the meeting discussions.

95.　　The aforementioned legally protected activities were known by management to have occurred.

96.　　The subsequent termination of employment, as set forth in the above-referenced facts common to all counts, amounted to illegal retaliation.

97.　　That the aforementioned acts of retaliation for complaining of harassment and discrimination, constitute unlawful employment practices pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.

98.　　That the effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee based upon her race, national origin, and legally protected activities.

99.　　But for her complaint of harassment and discrimination, Plaintiff would not have been fired on August 4, 2017.

14

100.    That the intentional retaliatory actions complained of above would tend to dissuade others from complaining of discrimination and harassment and were done with malice and/or reckless indifference to Plaintiff's rights.

101.    As a direct and proximate result of the Defendant's retaliatory actions, Plaintiff has suffered lost wages and benefits, emotional distress, attorney's fees and litigation costs.

102.    Plaintiff raised concerns about her experience of multiple incidents of harassment and discrimination towards her to her supervisors.

103.    Subsequently, Plaintiff complained to Defendant regarding the disparate treatment she experienced that was perpetrated by Release Train Engineer Margaret "Mimi" Schmidt.

104.    Defendant responded by terminating Plaintiff. Further, Plaintiff had previously met with her two direct supervisors where she had received repeated verbal and written assurances of her good standing and that there would be no adverse impacts to her job for raising concerns about her experience of workplace harassment and discrimination to them.   Defendant took no serious action to address her complaints.

105.    That the aforementioned acts constitute unlawful practices pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

106.    That the effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her race. Specifically, Plaintiff was excluded from work activities and terminated from her position as her employer refused to address her complaints and allowed the continued perpetration of discrimination, and retaliation.

107.    That the unlawful employment practices complained of above were intentional.

108.    That the retaliatory actions, as set forth above, have caused and will continue to cause Plaintiff to suffer lost earnings and earning capacity, severe emotional distress, humiliation, and mental anguish.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

## PRAYER FOR DAMAGES

WHEREFORE, for the foregoing reasons, Petra A. Caines, Plaintiff, demands judgment against Defendant, Accenture Federal Services as follows:

a.  Lost wages to be proven in court.

b.  Damages for her emotional distress and mental anguish in the amount in excess of $75,000.00;

c.  Prejudgment and post judgment interest;

d.  Award attorney's fees and costs, including expert witness fees, as allowed by law;

e.  Award past and future economic damages for all claims as allowed by law, in an amount to be determined at trial, including, but not limited to, back pay and lost benefits, federal penalties for time not covered with health insurance, front pay, and special damages comprised in part of, but not limited to, past and future costs of borrowing funds to meet financial obligations, and past and future out-of-pocket pecuniary losses;

f.  Award past and future non-economic damages for all claims as allowed by law, in an amount to be determined at trial, including, but not limited to, lost earnings capacity, mental suffering, emotional distress, loss of enjoyment of life, humiliation, loss of reputation, and inconvenience;

g.  And for such other and further relief as this Honorable Court deems just and

equitable.

Respectfully Submitted,

Paul V. Bennett, Esq.
Bennett & Ellison, P.C.
2086 Generals Highway, Suite 201
Annapolis, Maryland 21401
Tel: (410) 974-6000
Email: pbennett@belawpc.com
*Attorney for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff, Petra Caines, by and through her attorneys, Paul V. Bennett, Esq., and Bennett & Ellison, P.C., hereby demands that this above-captioned matter be tried before a jury on all issues so triable.

Respectfully Submitted,

Paul V. Bennett, Esq.
Bennett & Ellison, P.C.
2086 Generals Highway, Suite 201
Annapolis, Maryland 21401
Tel: (410) 974-6000
Email: pbennett@belawpc.com
*Attorney for Plaintiff*

Clerk of th
Circuit Cou

IN THE CIRCUIT COURT FOR Prince George's County

(City or County)

## CIVIL - NON-DOMESTIC CASE INFORMATION REPORT

### DIRECTIONS

*Plaintiff*: This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111(a).

*Defendant*: You must file an Information Report as required by Rule 2-323(h).

***THIS INFORMATION REPORT CANNOT BE ACCEPTED AS A PLEADING***

FORM FILED BY: ☒PLAINTIFF  ☐DEFENDANT     CASE NUMBER _CAL18-12723_
(Clerk to insert)

CASE NAME: __Petra A. Caines_____ vs. ___Accenture Federal Services___
Plaintiff                                                    Defendant

PARTY'S NAME: __Petra A. Caines_____ PHONE: 347-217-6314

PARTY'S ADDRESS: __3814 Regency Parkway, #303, Suitland, MD 20746__

PARTY'S E-MAIL: __pcaines88@outlook.com__

**If represented by an attorney:**

PARTY'S ATTORNEY'S NAME: Paul V. Bennett _____ PHONE: 410-974-6000

PARTY'S ATTORNEY'S ADDRESS: __2086 Generals Highway, Suite 201, Annapolis, MD 21401__

PARTY'S ATTORNEY'S E-MAIL: __pbennett@belawpc.com__

JURY DEMAND? ☒Yes ☐No

RELATED CASE PENDING? ☐Yes ☒No If yes, Case #(s), if known:_____

ANTICIPATED LENGTH OF TRIAL?: _____ hours __3__ days

### PLEADING TYPE

New Case: ☒Original       ☐ Administrative Appeal  ☐ Appeal
Existing Case: ☐Post-Judgment  ☐ Amendment
*If filing in an existing case*, skip Case Category/ Subcategory section - go to Relief section.

### IF NEW CASE: CASE CATEGORY/SUBCATEGORY (*Check one box.*)

**TORTS**
- ☐ Asbestos
- ☐ Assault and Battery
- ☐ Business and Commercial
- ☐ Conspiracy
- ☐ Conversion
- ☐ Defamation
- ☐ False Arrest/Imprisonment
- ☐ Fraud
- ☐ Lead Paint - DOB of Youngest Plt:_____
- ☐ Loss of Consortium
- ☐ Malicious Prosecution
- ☐ Malpractice-Medical
- ☐ Malpractice-Professional
- ☐ Misrepresentation
- ☐ Motor Tort
- ☐ Negligence
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability
- ☐ Specific Performance
- ☐ Toxic Tort
- ☐ Trespass
- ☐ Wrongful Death

**CONTRACT**
- ☐ Asbestos
- ☐ Breach
- ☐ Business and Commercial
- ☐ Confessed Judgment (Cont'd)
- ☐ Construction
- ☐ Debt
- ☐ Fraud

**PROPERTY**
- ☐ Adverse Possession
- ☐ Breach of Lease
- ☐ Detinue
- ☐ Distress/Distrain
- ☐ Ejectment
- ☐ Forcible Entry/Detainer
- ☐ Foreclosure
  - ☐ Commercial
  - ☐ Residential
  - ☐ Currency or Vehicle
  - ☐ Deed of Trust
  - ☐ Land Installments
  - ☐ Lien
  - ☐ Mortgage
  - ☐ Right of Redemption
  - ☐ Statement Condo
- ☐ Forfeiture of Property / Personal Item
- ☐ Fraudulent Conveyance
- ☐ Landlord-Tenant
- ☐ Lis Pendens
- ☐ Mechanic's Lien
- ☐ Ownership
- ☐ Partition/Sale in Lieu
- ☐ Quiet Title
- ☐ Rent Escrow
- ☐ Return of Seized Property
- ☐ Right of Redemption
- ☐ Tenant Holding Over

**Government**
- ☐ Government
- ☐ Insurance
- ☐ Product Liability

**PUBLIC LAW**
- ☐ Attorney Grievance
- ☐ Bond Forfeiture Remission
- ☐ Civil Rights
- ☐ County/Mncpl Code/Ord
- ☐ Election Law
- ☐ Eminent Domain/Condemn.
- ☐ Environment
- ☐ Error Coram Nobis
- ☐ Habeas Corpus
- ☐ Mandamus
- ☐ Prisoner Rights
- ☐ Public Info. Act Records
- ☐ Quarantine/Isolation
- ☐ Writ of Certiorari

**EMPLOYMENT**
- ☐ ADA
- ☐ Conspiracy
- ☐ EEO/HR
- ☐ FLSA
- ☐ FMLA
- ☐ Workers' Compensation
- ☒ Wrongful Termination

**INDEPENDENT PROCEEDINGS**
- ☐ Assumption of Jurisdiction
- ☐ Authorized Sale
- ☐ Attorney Appointment
- ☐ Body Attachment Issuance
- ☐ Commission Issuance

- ☐ Constructive Trust
- ☐ Contempt
- ☐ Deposition Notice
- ☐ Dist Ct Mtn Appeal
- ☐ Financial
- ☐ Grand Jury/Petit Jury
- ☐ Miscellaneous
- ☐ Perpetuate Testimony/Evidence
- ☐ Prod. of Documents Req.
- ☐ Receivership
- ☐ Sentence Transfer
- ☐ Set Aside Deed
- ☐ Special Adm. - Atty
- ☐ Subpoena Issue/Quash
- ☐ Trust Established
- ☐ Trustee Substitution/Removal
- ☐ Witness Appearance-Compel

**PEACE ORDER**
- ☐ Peace Order

**EQUITY**
- ☐ Declaratory Judgment
- ☐ Equitable Relief
- ☐ Injunctive Relief
- ☐ Mandamus

**OTHER**
- ☐ Accounting
- ☐ Friendly Suit
- ☐ Grantor in Possession
- ☐ Maryland Insurance Administration
- ☐ Miscellaneous
- ☐ Specific Transaction
- ☐ Structured Settlements

CC-DCM-002 (Rev. 04/2017)          Page 1 of 3

## IF NEW OR EXISTING CASE: RELIEF (Check All that Apply)

| | | | |
|---|---|---|---|
| ☐ Abatement | ☐ Earnings Withholding | ☐ Judgment-Interest | ☐ Return of Property |
| ☐ Administrative Action | ☐ Enrollment | ☐ Judgment-Summary | ☐ Sale of Property |
| ☐ Appointment of Receiver | ☐ Expungement | ☒ Liability | ☐ Specific Performance |
| ☐ Arbitration | ☐ Findings of Fact | ☐ Oral Examination | ☐ Writ-Error Coram Nobis |
| ☐ Asset Determination | ☐ Foreclosure | ☐ Order | ☐ Writ-Execution |
| ☐ Attachment b/f Judgment | ☐ Injunction | ☐ Ownership of Property | ☐ Writ-Garnish Property |
| ☐ Cease & Desist Order | ☐ Judgment-Affidavit | ☐ Partition of Property | ☐ Writ-Garnish Wages |
| ☐ Condemn Bldg | ☐ Judgment-Attorney Fees | ☐ Peace Order | ☐ Writ-Habeas Corpus |
| ☐ Contempt | ☐ Judgment-Confessed | ☐ Possession | ☐ Writ-Mandamus |
| ☒ Court Costs/Fees | ☐ Judgment-Consent | ☐ Production of Records | ☐ Writ-Possession |
| ☒ Damages-Compensatory | ☐ Judgment-Declaratory | ☐ Quarantine/Isolation Order | |
| ☒ Damages-Punitive | ☐ Judgment-Default | ☐ Reinstatement of Employment | |

*If you indicated **Liability** above,* mark one of the following. This information is <u>not</u> an admission and may not be used for any purpose other than Track Assignment.

☐Liability is conceded.  ☐Liability is not conceded, but is not seriously in dispute. ☒Liability is seriously in dispute.

## MONETARY DAMAGES (Do not include Attorney's Fees, Interest, or Court Costs)

☐ Under $10,000    ☐ $10,000 - $30,000    ☐ $30,000 - $100,000    ☒ Over $100,000

☐ Medical Bills $_____    ☐ Wage Loss $___TBD___    ☐ Property Damages $_____

## ALTERNATIVE DISPUTE RESOLUTION INFORMATION

Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)

| | | | | |
|---|---|---|---|---|
| A. Mediation | ☒Yes ☐No | | C. Settlement Conference | ☒Yes ☐No |
| B. Arbitration | ☐Yes ☒No | | D. Neutral Evaluation | ☐Yes ☒No |

## SPECIAL REQUIREMENTS

☐ If a Spoken Language Interpreter is needed, **check here and attach form CC-DC-041**

☐ If you require an accommodation for a disability under the Americans with Disabilities Act, **check here and attach form CC-DC-049**

## ESTIMATED LENGTH OF TRIAL

*With the exception of Baltimore County and Baltimore City, please fill in the estimated **LENGTH OF TRIAL**.*  ***(Case will be tracked accordingly)***

☐ 1/2 day of trial or less    ☒ 3 days of trial time

☐ 1 day of trial time    ☐ More than 3 days of trial time

☐ 2 days of trial time

## BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM

***For all jurisdictions,*** *if Business and Technology track designation under Md. Rule 16-308 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

☐ **Expedited**- Trial within 7 months of Defendant's response    ☐ **Standard** - Trial within 18 months of Defendant's response

EMERGENCY RELIEF REQUESTED

## COMPLEX SCIENCE AND/OR TECHNOLOGICAL CASE MANAGEMENT PROGRAM (ASTAR)

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO ASTAR RESOURCES JUDGES under Md. Rule 16-302, attach a duplicate copy of complaint and check whether assignment to an ASTAR is requested.*

❏ **Expedited** - Trial within 7 months of Defendant's response          ❏ **Standard** - Trial within 18 months of Defendant's response

*IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, OR BALTIMORE COUNTY, PLEASE FILL OUT THE APPROPRIATE BOX BELOW.*

### CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)

| | | |
|---|---|---|
| ❏ | Expedited | Trial 60 to 120 days from notice. Non-jury matters. |
| ❏ | Civil-Short | Trial 210 days from first answer. |
| ❏ | Civil-Standard | Trial 360 days from first answer. |
| ❏ | Custom | Scheduling order entered by individual judge. |
| ❏ | Asbestos | Special scheduling order. |
| ❏ | Lead Paint | Fill in: Birth Date of youngest plaintiff_____ . |
| ❏ | Tax Sale Foreclosures | Special scheduling order. |
| ❏ | Mortgage Foreclosures | No scheduling order. |

### CIRCUIT COURT FOR BALTIMORE COUNTY

| | | |
|---|---|---|
| ❏ | Expedited (Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ❏ | Standard (Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ❏ | Extended Standard (Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |
| ❏ | Complex (Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |

| April 20, 2018 | |
|---|---|
| Date | Signature of Counsel / Party |
| 2086 Generals Highwa, Suite 201 | Paul V. Bennett |
| Address | Printed Name |

| Annapolis | MD 2 | |
|---|---|---|
| City | State | Zip Code |

APR 2 7 2018

## CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY

Clerk of the Circuit Court
Courthouse
Upper Marlboro, MD  20772-9987

**WRIT OF SUMMONS**                    Case Number: _CAL18-12723_

**STATE OF MARYLAND, PRINCE GEORGE'S COUNTY, TO WIT:**

**TO:**

Name _ACCENTURE  FEDERAL SERVICES_
Address _S/O CORPORATE CREATIONS NETWORK, INC._
_680½ PARAGON PLACE, SUITE 410_
County _RICHMOND, VA  23230_

You are hereby summoned to file a **_written_** response by pleading or motion in this Court to the attached
Complaint filed by

Name _PETRA CAINES_
Address _3814  REGENCY PKWY # 303_
County _SUITLAND, MD  20746_

within _60_ days after service of this summons upon you.

WITNESS: the Honorable Clerk of the Circuit Court for Prince George's County, Maryland

Date Issued: _4-20-18_            _Sydney J. Harrison_
Clerk                    _#365_

To the person summoned:
1. Personal attendance in court on the day named is not required.
2. Failure to file a response within the time allowed may result in a Judgment by Default or the Granting of
   the relief sought against you.
3. Proper Courtroom attire is expected.  Anything that you would wear to an office that presents a
   professional appearance is appropriate.  Please no shorts, cut-off jeans, halter, tank or tube tops or other
   attire that reveals the abdomen or lower back, spandex or mesh garments.

---

### SHERIFF'S RETURN

---

**FEE $**_____            **SHERIFF** _____

Note:
1. This summon is effective for service only if served within 60 days after the date it is issued.
2. Proof of service shall set out the name of the person served, date and the particular place and manner of service.  If service is not
   made, please state the reasons.
3. Return of served or unserved process shall be made promptly and in accordance with Rule 2-126.
4. If this summons is served by private process, process server shall file a separate affidavit as required by Rule 2-126(a).
5. Direct your responses and questions to Circuit Court for Prince George's County, Clerk of the Circuit Court, 14735 Main Street,
   Courthouse D1002, Upper Marlboro, MD  20772-9987.  Legal advice cannot be obtained from this office.